**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MARA C. SPRING,<br>W127S9672 Scott Krause Drive<br>Muskego, WI 53150,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>751 Broad Street<br>Newark, New Jersey 07102,<br><br>Defendant. | Case No. __________<br><br>Removed from the State of Wisconsin, Circuit Court, Milwaukee County, Civil Branch, Case No. 2025-CV-003965 |

## NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above-captioned case, which was filed in the State of Wisconsin, Circuit Court, Milwaukee County, Civil Branch, Case No. 2025-CV-003965. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1. On May 6, 2025, Plaintiff Mara C. Spring ("Plaintiff") commenced a civil action against Prudential by filing a Complaint in the State of Wisconsin, Circuit Court, Milwaukee County, Civil Branch. The lawsuit is recorded on that Court's docket as Case No. 2025-CV-003965.

2. Prudential was served by process server, through its registered agent CT Corporation System, on May 7, 2025. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Plaintiff's Complaint, which constitute "all summons, pleadings, and orders"

served upon Prudential in the state court action, is attached hereto as **Exhibit A**. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. In her Complaint, Plaintiff alleges that her former spouse, Matthew Spring ("the insured") was covered under a group life insurance plan issued by Prudential to the employer of the insured, Ascension Health Alliance d/b/a Ascension ("Ascension"). (*See generally* **Exhibit A**, Complaint.) The plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq, and it is titled the Ascension Health Welfare Benefit Plans (the "Plan"). According to the Complaint, the insured was a participant under the Plan, the Plan was sponsored by the insured's employer, and it was administered and insured by Prudential. (*Id*. at ¶¶ 5-7). In August 2022, the insured died. (*Id*. at ¶ 12.)

4. Plaintiff seeks basic and voluntary accidental death and dismemberment ("AD&D") benefits under the Plan arising out of the denial of her claim for benefits; she claims that Prudential intentionally or recklessly, and in bad faith, acted without a reasonable basis in denying benefits. (*Id*. at ¶¶ 25-27, Prayer for Relief Paragraph.) Plaintiff requests compensatory damages, contractual benefits under the Plan, and exemplary damages (including attorney fees, litigation and investigation costs, and punitive damages). (*Id*. at Prayer for Relief Paragraph.)

**<u>This Case Is Removable Based on Federal Question Jurisdiction Because Plaintiff's Claims Arise Under ERISA</u>**

5. The AD&D coverage at issue in this lawsuit is provided pursuant to the Plan. The Plan has a number of components, two of which are relevant in this case -- the Ascension Basic Accidental Death and Dismemberment Plan ("Ascension Basic AD&D plan document") and the Ascension Voluntary Personal Accident Insurance Plan ("Ascension Voluntary AD&D plan

document"). Benefits under both of these components are fully insured by Prudential pursuant to a group contract with Ascension. The Plan is governed by ERISA as are the two at issue component parts of the Plan. (*See* 401(d) Election Form, attached hereto as **Exhibit B;** Ascension Basic AD&D plan document attached hereto as **Exhibit C** at 5 (the document "shall be construed and enforced according to ERISA"); and Ascension Voluntary AD&D plan document attached hereto as **Exhibit D** at 5 (the document "shall be construed and enforced according to ERISA)".)

6. Because Plaintiff's claims seek benefits under an ERISA-governed plan, Plaintiff's lawsuit arises under ERISA, a federal statute, and this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a). *See* 28 U.S.C.A. § 1446(a) (notice of removal must contain "a short and plain statement of the grounds for removal"); *Owens*, 135 S. Ct. at 553 (recognizing that § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure and that "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading") (internal quotations and citations omitted).

7. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including Plaintiff's claim for Prudential's denial of benefits. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

8. As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g.*, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).). *See also Tomczyk v. BCBS United of Wisconsin*, 951 F.2d 771, 775-776 (7th Cir. 1991)(recognizing that state law bad-faith and breach of contract claims are preempted by ERISA); *Mondovi Dairy Sys., Inc. Emp. Benefit Plan v. Blue Cross Blue Shield of Wisconsin*, No. 15-CV-826-JPS, 2016 WL 109965, at *4 (E.D. Wis. Jan. 8, 2016) (holding that both breach of contract and bad faith state claims are preempted by ERISA).

9. A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint, like here, does not on its face allege that it arises under ERISA. *See, e.g.*, *Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court."); *id.* at 65 ("All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. The Court thus has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

**<u>This Case Is Also Removable Based Upon Diversity Jurisdiction</u>**

12. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where complete diversity of citizens of different States exists. 28 U.S.C. § 1332(a).

13. In this case, both the amount in controversy and complete diversity requirements are met.

<u>The Parties Are Diverse</u>

14. Plaintiff is a resident and citizen of the State of Wisconsin. (Compl. at ¶ 1.)

15. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

16. Prudential is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey. (Compl. at ¶ 2.) Accordingly, Prudential is a citizen of New Jersey. Prudential is not a citizen of the State of Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

17. Thus, Plaintiff and Prudential are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

<u>The Amount In Controversy Exceeds $75,000</u>

18. In cases where a plaintiff has not specified an amount in controversy in a complaint, the removing defendant "need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). This Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is

really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

19. Plaintiff asserts that she was the named beneficiary for the AD&D benefits provided under the Plan. (Compl. at ¶¶ 7-8.) Plaintiff further asserts that she is entitled to "damages in the amount of withheld benefits under the Plan." (Compl. at ¶ 26.)

She seeks the basic and voluntary AD&D benefits under the Plan and also seeks compensatory and punitive damages.[1]

20. The basic AD&D benefit at issue is $131,000.00, and the voluntary AD&D benefit at issue is $1,308,000.00. Thus, based on the benefits sought in Plaintiff's Complaint, approximately $1,439,000.00 in benefits are at issue, which in and of itself exceeds the jurisdictional minimum of $75,000. (Compl. at ¶¶ 7-8, 14-15, 26, Prayer for Relief Paragraph.)

21. Further, in removal actions, "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.'" *W. Bend Elevator, Inc. v. Rhone-Poulenc S.A.*, 140 F. Supp. 2d 963, 966 (E.D. Wis. 2000) (citing *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995)).

22. Considering the actual damages, as well as attorney's fees and punitive damages, sought by Plaintiff in her Complaint, the jurisdictional minimum of $75,000 is met.[2] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-550 (2014) (recognizing that the removing defendant "need only plausibly allege, not detail proof of, the amount in

---

[1] Although Plaintiff's request for punitive damages may be considered by the Court for purposes of meeting the diversity jurisdiction minimum of $75,000, Prudential does not concede in any way that Plaintiff's state law claims or requests for damages have merit. Rather, Prudential maintains that Plaintiff's state law claims, and damages related thereto, are preempted by ERISA. *See Metropolitan Life Ins. Co.*, 481 U.S. at 66.

[2] *See Trinity Evangelical Lutheran Church & Sch.-Freistadt v. Tower Ins. Co.*, 2003 WI 46, ¶ 70, 261 Wis. 2d 333, 365 (upholding the award of punitive damages in a 7:1 ratio (punitive damages compared to compensatory damages) against defendant insurer in a bad-faith insurance claim).

controversy … [A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

23. Accordingly, because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over Plaintiff's claims, and the case is properly removable to federal court. *See* 28 U.S.C. §§ 1332(a), (c); 28 U.S.C. § 1441(a), (b).

**Venue And Notice**

24. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 130(a), this District embraces the State of Wisconsin, Circuit Court, Milwaukee County, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

25. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Clerk of the Circuit Court of Milwaukee County, State of Wisconsin, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at **Exhibit E**.

**Conclusion**

26. Based on the foregoing, this Court has original jurisdiction over this action because this action arises under federal law under 28 U.S.C. § 1331, and this Court has original jurisdiction over this action based on the diversity of the parties pursuant to 28 U.S.C. § 1332. Therefore, the Court may properly exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a), (b).

27. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding

this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Seventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, The Prudential Insurance Company of America requests that the above-described action pending against it be removed to this Court. The Prudential Insurance Company of America also requests all other relief, at law or in equity, to which it justly is entitled.

**DATED: June 4, 2025**

Respectfully submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

By: */s/ Matthew A. Clabots*
One of Its Attorneys

Matthew A. Clabots
mclabots@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, and also served Plaintiffs by Email and Federal Express to the following:

Joshua M. Greatsinger, SBN: 1094313
MGW LAW, LLP
1425 Memorial Drive
Manitowoc, Wisconsin 54220
Phone: (920) 683-5800
Fax: (800) 465-1031
jgreatsinger@mgwlawwi.com

*/s/ Matthew A. Clabots*
Matthew A. Clabots